1  Jie (Lisa) Li (State Bar No. 260474)
   WILMER CUTLER PICKERING
2  HALE AND DORR LLP
   950 Page Mill Road
3  Palo Alto, CA 94304
   Telephone: (650) 858-6000
4  Facsimile: (650) 858-6100
5  Lisa.Li@wilmerhale.com

6  *Attorney for Defendants TerraForm Global, Inc. and Peter Blackmore*

7  [Additional counsel listed on signature page.]

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 | CANYON CAPITAL ADVISORS LLC, *et al.*, | Case No. 3:16-cv-05185 |
11 |  | |
12 | Plaintiffs, | **NOTICE OF REMOVAL** |
13 | vs. | [Removed from San Mateo Superior Court, Case No. 16CIV00827] |
14 | TERRAFORM GLOBAL, INC., *et al.*, Defendants. | |

1

DEFENDANTS' NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants TerraForm Global, Inc. ("Global"), and Antonio R. Alvarez, Jeremy Avenier, Peter Blackmore, Ahmad Chatila, Clayton Daley, Jr., Alejandro Hernandez, Emmanuel Hernandez, Georganne Proctor, Steven Tesoriere, Martin Truong, James Williams, Brian Wuebbels, Carlos Domenech Zornoza, and Randy Zwirn (the "Individual Defendants"), and Barclays Capital Inc., Citigroup Global Markets Inc., Goldman, Sachs, & Co., Itau BBA USA Securities, Inc., J.P. Morgan Securities LLC, Kotak Mahindra, Inc., Macquarie Capital (USA), Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, SG Americas Securities, LLC, and SMBC Nikko Securities America, Inc. (the "Underwriter Defendants"; collectively with Global and the Individual Defendants, "Defendants") hereby remove Case No. 16CIV00827, currently pending in the Superior Court of the State of California, County of San Mateo, and all claims and causes of action therein (the "Action"), to the United States District Court for the Northern District of California.  As grounds for removal, the Defendants state as follows:

## **JURISDICTION**

1. This Action may be removed under 28 U.S.C. § 1452(a) because it is "related to" a pending case under Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").  This Court therefore has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b).

2. This Court is part of the "district and division" embracing the place where this Action was filed—in Redwood City, in San Mateo County, California. *See* 28 U.S.C. § 84(c); Fed. R. Bankr. P. 9027(a).

## **PROCEDURAL HISTORY**

3. On August 8, 2016, plaintiffs Canyon Capital Advisors LLC, Canyon Balanced Master Fund, Ltd., Canyon Capital Arbitrage Master Fund, Ltd., Canyon-GRF Master Fund II, L.P., Canyon Value Realization Fund, L.P., and the Canyon Value Realization Master Fund, L.P.

1  ("Canyon" or "Plaintiffs"), filed a complaint entitled *Canyon Capital Advisors LLC, et al. v.
2  TerraForm Global, Inc., et al.* (the "Complaint") in the Superior Court of the State of California,
3  County of San Mateo.  A copy of the Complaint is attached hereto as Exhibit 1.
4      4.    The Complaint alleges that on or about August 5, 2015, Plaintiffs purchased 685,401
5  shares of Global Class A common stock in Global's initial public offering ("IPO").  Compl. ¶ 8.  The
6  Complaint alleges that on August 21, 2015, Plaintiffs purchased 47,298 shares of SunEdison 6.75%
7  Series A Perpetual Convertible Preferred Stock (the "SunEdison Preferred Stock offering").  Compl.
8  ¶ 10.  These securities are herein referred to as the "Subject Securities."
9      5.    The Complaint alleges that Plaintiffs purchased the Subject Securities pursuant to
10 offering documents that contained untrue statements of material fact and omitted to state material
11 facts necessary to make the statements made in the offering documents not misleading in violation of
12 the California Corporate Securities Law of 1968, Cal. Corp. Code §§ 25001, 25004. Compl. ¶¶ 109-
13 133, 162-185; Causes of Action Nos. 1, 5.
14     6.    The Complaint also alleges that Plaintiffs purchased the Subject Securities pursuant
15 to offering documents that contained untrue statements of material fact and omitted to state other
16 material facts necessary to make the statements made in the offering documents not misleading in
17 violation of Sections 11, 12, and 15 of the Securities Act of 1933 ("the 1933 Act").  Compl. ¶¶ 134-
18 161, 186-212; Causes of Action Nos. 2-4, 6-8.
19     7.    Defendants have not been served with Summons and Complaint in the Action.
20     8.    Defendants' time to respond to the Complaint has not expired, and Defendants have
21 not pled, answered, or otherwise generally appeared in the Action.
22     9.    No discovery has taken place in connection with the Action.
23     10.    No motions or other proceedings are pending in the Action.

## TIMELINESS OF REMOVAL

25     11.    On April 21, 2016, SunEdison, Inc. ("SunEdison") filed a voluntary petition for
26 bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the
27 Southern District of New York.  *See In re SunEdison, Inc. et al.*, No. 16-10992-SMB (Bankr.
28

S.D.N.Y. filed April 21, 2016) ("SunEdison Bankruptcy Case"). As discussed in paragraphs 13-24, each of the claims asserted in the Action is "related to" the SunEdison Bankruptcy Case within the meaning of 28 U.S.C. § 1334(b). This Court accordingly has original jurisdiction over the Action, thus providing a basis for removal under 28 U.S.C. § 1452(a).

12. Removal of this Action is timely under Rule 9027 of the Federal Rules of Bankruptcy Procedure ("Rule 9027") and 28 U.S.C. § 1446(b), which provide that removal is timely within 30 days of service of the complaint. *See* Fed. R. Bankr. P. 9027(a)(3); 28 U.S.C. § 1446(b). Because Defendants have not been served with Summons and Complaint in the Action, removal is timely under Rule 9027 and 28 U.S.C. § 1446(b).

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1452(A)
## ("RELATED-TO" BANKRUPTCY JURISDICTION)

13. On August 26, 2106, Judge Alsup found that removal of four securities actions asserting, *inter alia*, substantially similar claims regarding the SunEdison Preferred Stock offering was proper under 28 U.S.C. §§ 1452(a) and 1334(b) because those actions are "related to" the SunEdison Bankruptcy Case. *See* Order (1) Denying Motions to Remand; (2) Granting Motions to Transfer, (3) Certifying Issue for Interlocutory Review; and (4) Staying Actions, Cobalt Partners, LP, et al. v. SunEdison Inc., et al., Case No. 3:16-cv-02263 (N.D. Cal. Aug. 26, 2016) ("August 26 Order") at 5-8 (finding that "actions are 'related to' the SunEdison bankruptcy on the basis of the indemnification rights of the individual and underwriter defendants" and declining to reach alternative bases of "related to" jurisdiction). For the reasons set forth in the August 26 Order and the additional reasons described below, removal of this Action is proper under 28 U.S.C. §§ 1452(a) and 1334(b) because it is "related to" the SunEdison Bankruptcy Case.

14. Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." In turn, 28 U.S.C. § 1334(b) confers jurisdiction upon this Court of all civil proceedings that are "related to cases under" the Bankruptcy Code. This Court has original jurisdiction over this Action pursuant to

4

28 U.S.C. § 1334(b), and this Action may therefore be removed to this Court by Defendants pursuant to 28 U.S.C. § 1452(a) because the Action is "related to" the SunEdison Bankruptcy Case.

15. This Action is "related to" the SunEdison Bankruptcy Case because it could conceivably affect SunEdison's bankruptcy estate in multiple respects. *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (proceeding is "related to" a bankruptcy case where "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*… An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handing and administration of the bankruptcy estate" (emphasis in original; citation omitted)); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 307-308 (1995) ("Congress did not delineate the scope of 'related to' jurisdiction, but its choice of words suggests a grant of some breadth.").

16. In this Action, findings of fact or judgments in favor of or against any of the Defendants (including those Individual Defendants who are or were officers and directors of SunEdison) could impact SunEdison's own rights and liabilities. Specifically, as explained below, assets of the bankruptcy estate include director and officer insurance policies (the "D&O Policies")[1] that are shared by SunEdison, Global, and the Individual Defendants. In addition, the Individual Defendants and certain Underwriter Defendants also have claims for advancement of defense costs and indemnification of any liability that they incur in this Action. Global, the Individual Defendants, and the Underwriter Defendants would also have claims for contribution against SunEdison related to Claims in the Action in the event that they are found liable. The defense costs that the Individual Defendants and certain Underwriter Defendants incur in connection with this Action and any decision in the Action affecting the shared insurance policies may impact the administration of the Bankruptcy estate. So too would any findings of fact or decisions in the Action that could support claims for contribution or indemnity in favor of or against SunEdison.

17. This Action is "related to" the SunEdison Bankruptcy Case because SunEdison, Global, and the Individual Defendants are insured under the same D&O Policies that provide

---

[1] A true and correct copy of the D&O Policies' primary layer is attached hereto as Exhibit 2.

coverage for this Action.  On April 21, 2016, SunEdison filed a motion with the Bankruptcy Court for relief from the automatic stay (to the extent applicable) to allow the D&O Policy insurers to release coverage dollars to Global, the Individual Defendants, and other co-insureds in connection with actions pending against them.  Debtor's Motion for Order Authorizing Modification of the Automatic Stay, to the Extent Applicable, to Allow for Reimbursement and/or Payment of Defense Costs Under Directors' and Officers' Insurance Policies, No. 16-10992 (Bankr. S.D.N.Y. filed Apr. 21, 2016), Dkt. 32 at ¶¶ 10-12, 16.  The Bankruptcy Court granted the motion, permitting the insurers to make payments from the D&O Policies up to $12,000,000, subject to party agreement or an order increasing the cap, and retained jurisdiction with respect to all matters arising from or related to the implementation of its order.  Order Granting Debtors' Motion for Order Authorizing Modification of the Automatic Stay, *In re SunEdison Inc., et al.*, Case No. 16-10992 (Bankr. S.D.N.Y. May 20, 2016), Dkt. 367 at 1-4.  Numerous courts have held that where, as here, defendants have claims for coverage under an estate's D&O insurance policies, the proceeding is "related to" that bankruptcy case.  *See In re Quigley Co., Inc.*, 676 F.3d 45, 53-54 (2d Cir. 2012) ("[i]t is not difficult to conclude that the 'conceivable effect' test is satisfied" where debtor holds insurance policies and lawsuit against defendant covered by the same insurance "could directly affect [the] bankruptcy estate"); *Kennilworth Partners II LP v. Crisman*, 2001 WL 30534, at *3 (N.D. Cal. Jan. 3, 2001) ("[A]ny recovery by plaintiff would be subject to . . . claims for coverage under the company's directors and officers insurance policy.  These amounts to be paid as a result of this action certainly would have an effect on the estate of [the debtor].  Accordingly, plaintiff's claims are related to that matter."); *In re Dow Corning Corp.*, 86 F.3d 482, 494-95 (6th Cir. 1996) (finding "related to" jurisdiction over litigation against non-debtors where non-debtors and debtor shared joint insurance and noting "an immediate impact on a debtor's estate is not a prerequisite for Section 1334(b) jurisdiction. . . . we believe the possible depletion of insurance policies depends on contingencies sufficiently immediate to support a finding of 'related to' jurisdiction"); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1986) (actions related to bankruptcy when they involve claims against insured covered under debtor's liability insurance policy).

18.     This Action is "related to" the SunEdison Bankruptcy Case because Plaintiffs' claims against the Individual Defendants are subject to indemnification pursuant to SunEdison's Certificate of Incorporation. Article Sixth of the SunEdison Certificate of Incorporation imposes broad indemnification obligations on SunEdison with respect to claims against the Individual Defendants, including obligations to advance attorneys' fees. *See* SunEdison Certificate of Incorporation (Exhibit 3); *see also* 8 Del. C. § 102(b)(7) (statutory indemnification provision); 8 Del. C. § 145(e) (conferring permissive authority on Delaware corporations to grant advancements). Numerous courts in the Ninth Circuit have held that a proceeding is "related to" a bankruptcy case where there is an indemnification agreement between the defendant in the action and a debtor, even if the defendant is not guaranteed indemnification and its claim for indemnification is contingent. *See Carpenters Pension Trust v. Ebbers*, 299 B.R. 610, 613 (Bankr. C.D. Cal. 2003) ("The Ninth Circuit views 'related to' jurisdiction broadly, and the indemnification agreements here are sufficient to trigger federal subject matter jurisdiction, even if the indemnification is not automatic."); *Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, 2003 WL 22025158, at *1–2 (C.D. Cal. Jun 30, 2003) (finding "related to" jurisdiction even where claims of indemnification were contingent because it was conceivable that defendants may be entitled to indemnification); *In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003) (similar); *In re Sizzler Rests. Int'l, Inc.*, 262 B.R. 811, 818-19 (Bankr. C.D. Cal. 2001) (similar). In addition, Judge Alsup found that four securities actions asserting, *inter alia*, substantially similar claims regarding the SunEdison Preferred Stock offering are "related to" the SunEdison Bankruptcy Case on the basis of indemnification rights pursuant to SunEdison's Certificate of Incorporation. August 26 Order at 7 ("The indemnification rights of the individual defendants give rise to 'related to' jurisdiction. SunEdison's Amended and Restated Certificate of Incorporation requires it to indemnify the individual defendants as to any 'pending' action 'to the full extent authorized or permitted by law,' including as to expenses such as attorney's fees. Under Delaware law, which governs SunEdison's articles of incorporation, defendants' rights to advancement of attorney's fees and costs have already accrued. . . . Indeed, the New York bankruptcy court has already authorized payment of proceeds from SunEdison's insurance policies

to pay for attorney's fees related to these and other actions (Bartlett Decl., Exhs. 6–7). As such, the indemnification rights have already affected the administration of the bankruptcy estate. This order concludes that "related to" jurisdiction exists on that basis.").

19. This Action is "related to" the SunEdison Bankruptcy Case because certain of the Underwriter Defendants[2] have claims against SunEdison for indemnification pursuant to section 9 of the Underwriting Agreement dated August 18, 2015, by and among SunEdison and Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche Bank Securities Inc., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, and Macquarie Capital (USA) Inc. (as Representatives of the Underwriters). Under the Underwriting Agreement,[3] SunEdison agreed to "indemnify and hold harmless each Underwriter . . . against any losses, claims, damages or liabilities, joint or several, to which they or any of them may become subject under the [1933] Act . . . insofar as any such losses, claims, damages or liabilities (or actions in respect thereof) arise out of or are based upon" any alleged misstatements or omissions contained in offering documents concerning the SunEdison Preferred Offering. *See* August 26 Order at 7 (finding "[t]he indemnification rights of the underwriter defendants also give rise to 'related to' jurisdiction" over substantially similar claims regarding the SunEdison Preferred Stock offering); *see also supra* ¶ 18 (citing cases). Certain Underwriter Defendants have filed a proof of claim in the SunEdison Bankruptcy Case asserting their right to recover in the bankruptcy proceedings by virtue of, among other things, this indemnification provision.[4]

20. This Action is "related to" the SunEdison Bankruptcy Case because Global, the Individual Defendants, and the Underwriter Defendants would have claims against SunEdison for statutory contribution for Plaintiffs' claims arising under Section 11 of the Securities Act of 1933 in the event of a judgment in favor of Plaintiffs. Section 11(f) (codified at 15 U.S.C. § 77k(f)) provides

[2] The Underwriter Defendants involved in the SunEdison Preferred Offering are: Barclays Capital Inc., Goldman, Sachs & Co., J.P. Morgan Securities LLC, Macquarie Capital (USA), Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and Morgan Stanley & Co. LLC.

[3] A true and correct copy of the Underwriting Agreement is attached hereto as Exhibit 4.

[4] A true and correct copy of the proof of claim is attached hereto as Exhibit 5.

that "[E]very person who becomes liable to make any payment under this section may recover contribution as in cases of contract from any person who, if sued separately, would have been liable to make the same payment, unless the person who has become liable was, and the other was not, guilty of fraudulent misrepresentation." *AmeriPride Servs. Inc. v. Texas E. Overseas Inc.*, 782 F.3d 474, 490 n.7 (9th Cir. 2015) (quoting 15. U.S.C. § 77k(f)(1)).  Courts have held that such statutory contribution claims confer "related to" bankruptcy jurisdiction.  *See In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 320 (S.D.N.Y. 2003) (finding that State court action was "related to" bankruptcy case "[b]ecause the effect of contribution claims [pursuant to 15 U.S.C. § 77k(f)(1)] on the bankruptcy estate is at the very least "conceivable").

21.     This Action is "related to" the SunEdison Bankruptcy Case because Global, the Individual Defendants, and the Underwriter Defendants would have a right of contribution against SunEdison for Plaintiffs' claims arising under Section 12 of the Securities Act of 1933 in the event of a judgment in favor of Plaintiffs.  *See Katz v. China Century Dragon Media, Inc.*, 287 F.R.D. 575, 581 (C.D. Cal. 2012) ("Claims for contribution are allowed between or among defendants in an action brought against them under the Securities Act of 1933.  Thus, such claims are permitted so long as there is a statutory basis under which each would have potential liability for the claims advanced by the plaintiff in the action for which contribution is sought." (citing *Laventhol, Krekstein, Horwath & Horwath v. Horwitch*, 637 F.2d 672, 674 (9th Cir. 1980))); *In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.*, 682 F. Supp. 1073, 1092 (C.D. Cal. 1987) ("[c]ourts have recognized implied rights of contribution under [] § 12(2)) (internal citations and quotations omitted); *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F. Supp. 1364, 1383 (N.D. Cal. 1980) ("a party is permitted to receive contribution, even if found to have violated [§] 10(b), Rule 10b-5, [§] 17(a), and [§] 12(2). . . . Accordingly, contribution is permitted under federal law.") (internal citations and quotations omitted).  *But see Pinter v. Dahl*, 486 U.S. 622, 631 (1988) (expressing "no view as to whether a right of contribution exists under § 12(1)").

22.     This Action is "related to" the SunEdison Bankruptcy Case because the Individual Defendants and SunEdison are subject to potential joint and several liability for Plaintiffs' claims

arising under Section 15 of the Securities Act of 1933.  *See Laventhol*, 637 F.2d at 674 (construing 15 U.S.C.A. § 77k(f) to subject controlling persons who were found liable under 15 U.S.C.A. § 77o to statutory contribution); *see also In re First All. Mortgage Co.*, 269 B.R. 449, 454 (C.D. Cal. 2001) ("Here, the suits against the Individual Defendants are 'related to' the bankruptcy proceeding because First Alliance and the Individual Defendants could become joint and severally liable for the damages in those cases.").

23. This Action is "related to" the SunEdison Bankruptcy Case because Global, certain Individual Defendants, and certain Underwriter Defendants would have claims against SunEdison for statutory indemnification and contribution relating to Plaintiffs' claims arising under the California Corporate Securities Law of 1968, Cal. Corp. Code §§ 25501, 25504 in the event of a judgment in favor of Plaintiffs.  *See* Cal. Corp. Code § 25505.

24. This Action is "related to" the SunEdison Bankruptcy Case because SunEdison's ownership interest in Global is one of its major assets.  SunEdison owns approximately 35% of the economic value of the equity in Global.  *See* First Day Declaration, No. 16-10992-SMB (Bankr. S.D.N.Y. filed April 21, 2016), ECF No. 4 at ¶ 27; Statement of TerraForm Power, Inc. and TerraForm Global, Inc., No. 16-10992-SMB (Bankr. S.D.N.Y. filed April 22, 2016), ECF No. 50 at ¶¶ 2-4.  Damages paid in this case by Global could deplete Global's resources, which would in turn deplete the value of the Estate's substantial holdings of Global equity.  *See Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, 496 B.R. 706, 710 (Bankr. S.D.N.Y. 2013) (finding "related to" jurisdiction where "[debtor] own[ed], directly or indirectly, all or a significant part of three of the entity defendants, [such that] any damages paid by them will draw directly from [debtor] assets").

### SECTION 22(A) OF THE 1933 ACT DOES NOT BAR REMOVAL

25. Judge Alsup found that the "removal bar" provision of Section 22(a) of the 1933 Act, 15 U.S.C. § 77v ("Section 22(a)") does not bar removal of proceedings under 28 U.S.C. § 1452.  *See* August 26 Order at 8; *see also Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 108 (2d Cir. 2004) ("[G]enerally nonremovable claims brought under the Securities Act of 1933 may be removed to federal court if they come within the purview of 28 U.S.C. § 1452(a), which confers

federal jurisdiction over claims that are related to a bankruptcy case."); *accord Fed. Home Loan Bank of San Francisco v. Deutsche Bank Sec., Inc.*, 2010 WL 5394742, at *6 (N.D. Cal. Dec. 20, 2010); *Carpenters Pension Trust for Southern California v. Ebbers*, 299 B.R. 610, 613-615 (C.D. Cal. Sept. 9, 2003); Order Denying Plaintiffs' Motion to Remand, *Luther v. Countrywide Fin. Corp.*, No. 12-cv-5125 (C.D. Cal. Aug. 31, 2012).  Section 22(a) precludes the removal of actions under the general removal statute, 28 U.S.C. § 1441(a), but "does not prevent removal based on other grounds." *Pac. Life Ins. Co.*, 2003 WL 22025158 at *2.  Accordingly, Plaintiffs' claims under the 1933 Act do not render this Action non-removable under Section 22(a) because this Action is removable under 28 U.S.C. § 1452.

## **PROCEDURAL REQUIREMENTS AND LOCAL RULES**

26. Defendants state that the claims asserted against them are non-core within the meaning of 28 U.S.C. § 157(b)(2).  As required by Rule 9027(a)(1), Defendants state that they do not consent to entry of final order of judgment by any bankruptcy judge.

27. Plaintiffs have not served any process, pleadings, or orders upon Defendants. Accordingly, Defendants have not attached process, pleadings, or orders pursuant to 28 U.S.C. § 1446(a) and Fed. R. Bankr. P. 9027(a)(1).

28. Pursuant to 28 U.S.C. § 1446(d) and Rule 9027(b), written notice of the filing of this Notice of Removal and a copy thereof will be given to all parties.

29. Consent to removal is not required under the bankruptcy removal statute. *See* 28 U.S.C. § 1452(a).  Nonetheless, all non-dismissed defendants named and/or served in this Action consent to the removal of this Action.

30. The Defendants sign this Notice of Removal under Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

31. The Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement" of the grounds for removal.  Fed. R. Bankr. P. 9027(a).

## CONCLUSION

32. This Court has original jurisdiction over this Action under 28 U.S.C. § 1334(b), and this Action is removable under 28 U.S.C. § 1452(a).

Dated: September 8, 2016

Respectfully Submitted,

By: */s/ Jie (Lisa) Li*
    Jie (Lisa) Li (State Bar No. 260474)
    WILMER CUTLER PICKERING HALE AND DORR LLP
    950 Page Mill Road
    Palo Alto, CA 94304
    Telephone: (650) 858-6000
    Facsimile: (650) 858-6100
    Lisa.Li@wilmerhale.com

*Attorney for TerraForm Global, Inc. and Peter Blackmore*

By: */s/ Sara B. Brody*
    Sara B. Brody (State Bar No. 130222)
    SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
    San Francisco, California 94104
    Telephone: (415) 772-1200
    Facsimile: (415) 772-7400
    sbrody@sidley.com

*Attorney for Ahmad Chatila, Jeremy Avenier, Martin Truong, Emmanuel Hernandez, Antonio Alvarez, Clayton Daley, Jr., Georganne Proctor, Steven Tesoriere, James Williams, Randy Zwirn, and Brian Wuebbels*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: */s/ Patrick D. Robbins*
    Patrick D. Robbins (SBN 152288)
    SHEARMAN & STERLING LLP
    535 Mission Street, 25th Floor
    San Francisco, California  94105-2997
    Telephone: (415) 616-1100
    Facsimile: (415) 616-1329
    probbins@shearman.com

    Adam S. Hakki (*Pro Hac Vice* to be submitted)
    Daniel C. Lewis (P*ro Hac Vice* to be submitted)
    SHEARMAN & STERLING LLP
    599 Lexington Avenue
    New York, New York  10022-6069
    Telephone: (212) 848-4000
    Facsimile: (646) 848-4924
    ahakki@shearman.com
    daniel.lewis@shearman.com

    *Attorneys for the Underwriter Defendants*

By: */s/ Daniel Bookin*
    Daniel Bookin (SBN 78996)
    O'MELVENY & MYERS LLP
    Two Embarcadero Center
    28th Floor
    San Francisco, CA 94111
    Tel:  (415) 984-8786
    dbookin@omm.com

    *Attorney for Alejandro Hernandez*

DEFENDANTS' NOTICE OF REMOVAL

By: */s/ Ismail Ramsey*
Ismail Ramsey (SBN 189820) Katharine Kates (SBN 155534)
RAMSEY & ELRICH LLP
803 Hearst Avenue
Berkeley, California 94710
Telephone: (510) 548-3600
Facsimile: (510) 291-3060
izzy@ramsey-ehrlich.com

Kevin J. O'Connor (*Pro Hac Vice* to be submitted)
HINCKLEY ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109-1775
Tel: (617) 378-4190
Fax: (617) 378-4191
koconnor@hinkleyallen.com

*Attorneys for Carlos Domenech*

DEFENDANTS' NOTICE OF REMOVAL

**ATTESTATION OF CONCURRENCE IN FILING**

I attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature pages.

<div style="text-align: right;">

*/s/ Jie (Lisa) Li*
Jie (Lisa) Li (State Bar No. 260474)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Lisa.Li@wilmerhale.com

*Attorney for TerraForm Global, Inc. and Peter Blackmore*

</div>